IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ORIENTAL FINANCIAL SERVICES, LLC**<br><br>    Petitioner,<br><br>v.<br><br>**JOSÉ LUIS ESPARZA; EGDALIS BLANCO DE ESPARZA and their Conjugal Partnership; JL ESPARZA, INC.; LIZMARIE ESPARZA**<br><br>    Respondents. | **Civil Action # 21-1471**<br><br>Vacatur from Superior Court of San Juan, Court of First Instance<br>**CIVIL NUMBER: SJ2021CV05728** |

### NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446

TO THE HONORABLE COURT:

COME NOW Respondents Jose Luis Esparza, Egdalis Blanco De Esparza, and their Conjugal Partnership, JL Esparza, Inc., and Lizmarie Esparza (collectively, "the Esparzas"), by and through their undersigned counsel, and hereby remove the above-captioned case from the Puerto Rico Court of First Instance for the Commonwealth of Puerto Rico, San Juan Superior Part, to this Court.

Removal arises under 28 U.S.C. §§ 1331, 1441, and 1446. As grounds for removal, Respondents state as follows:

**INTRODUCTION**

1. On September 15, 2015, the Esparzas filed a statement of claim against Oriental Financial Services, LLC ("Oriental") with the Financial Industry Regulatory Authority ("FINRA") alleging, inter alia, violations of Section 10(b) of the Securities Exchange Act, the Investment

1

Advisers Act of 1940, and various state law claims, including, but not limited to, breach of contract, breach of fiduciary duty, fraud, and negligence (the "Statement of Claim").

2. Arbitration hearings on the Esparzas' claims against Oriental were held over the course of six days in San Juan, Puerto Rico before a FINRA arbitral panel on February 24-29, 2020. Additional hearings were held by Zoom teleconference on April 26, 2021 and June 28-30, 2021.

3. On August 4, 2021, a unanimous panel of three arbitrators issued an award against Oriental, and awarded the Esparzas damages against Oriental of $700,000.00 and 5% interest compounded annually from the date of filing the arbitration claim (the "Final Award" attached and incorporated herein as Exhibit A).

4. On or about September 3, 2021, Oriental filed a Petition/complaint before the Puerto Rico Court of First Instance, San Juan Superior Part, under the caption ORIENTAL FINANCIAL SERVICES LLC v. JOSÉ LUIS ESPARZA; EGDALIS BLANCO DE ESPARZA y la SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS; JL ESPARZA, INC.; LIZMARIE ESPARZA (the "State Action"), which seeks to vacate the Final Award.  See Exhibit B, incorporated herein.

**SUBJECT MATTER JURISDICTION**

5.  The Esparzas may properly remove the State Action because this Court has original jurisdiction over this matter. Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the Respondents, to the district court of the United States for the district and division embracing the place where such action is pending."

6.  Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Accordingly,

this Court has original jurisdiction over this matter as it asserts claims arising under the laws of the United States.

7. The Esparzas' Statement of Claim alleges violations of Section 10(b) of the Securities Exchange Act, Rule 10b-5 promulgated thereunder, as well as additional common law claims. Arbitration Statement of Claim at 60-61 (Exhibit to the Petition/Complaint attached as Exhibit B).

8. Where, as here, a plaintiff invokes judicial authority in relation to an arbitration award, federal courts "look through" to the underlying arbitral statement of claim to determine whether there is subject matter jurisdiction. See *Vaden v. Discover Bank*, 556 U.S. 49, 65 (2009); see also *Bull HN Info. Sys., Inc. v. Hutson*, 229 F.3d 321, 328 (1st Cir. 2000) (recognizing "close connection between arbitration and subsequent enforcement proceedings"; looking to arbitral pleadings to conclude diversity amount in controversy requirement satisfied); *Union Independiente de Empleados Telefonicos de P.R. v. P.R. Tel. Co.*, No. 10-1667, 2010 WL 3304302, at *1 (Aug. 19, 2010) (Gelpí, J.) ("Under the 'well-pleaded complaint rule,' the court looks only to the plaintiff's [statement of claim] to determine whether the complaint presents a federal issue."); and *UBS Fin. Servs. Inc. v. Asociacion De Empleados Del Estado Libre Asociado De P.R.*, 223 F.Supp.3d 134, 139 (D. P.R. 2016) ("First Circuit courts look through a post-arbitration petition to the substance of the underlying dispute to determine subject-matter jurisdiction. Thus, when a party arbitrates federal law claims, there is an independent basis for federal jurisdiction over post-arbitration FAA petitions."

9. Because claims in the Statement of Claim present a federal question, the remaining claims, which stem from a common set of operative facts, can be heard by this Court under supplemental jurisdiction pursuant to 28 U.S.C. § 1367. See *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966) ("[I]f considered without regard to their federal or state character, a plaintiff's

claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then . . . there is power in federal courts to hear the whole."); cf. also *Jesus-Santos v. Morgan Stanley Dean Witter, Inc.*, No. Civ. 05-1346, 2006 WL 752997, at *2 (D.P.R. March 22, 2006) (noting "Court enjoys supplemental jurisdiction over [] underlying state-law claims" at issue in suit to compel arbitration under FAA where "they are so intimately related to the federal securities law claims that they form part of the same case or controversy or a common nucleus of operative facts").

10. Accordingly, removal is proper here under federal question jurisdiction.

11. The Esparzas further intend to Petition this Court to confirm the Final Award against Oriental pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.

**OTHER REQUIREMENTS FOR REMOVAL**

12. Pursuant to 28 U.S.C. § 1441(a), the U.S. District Court for the District of Puerto Rico is the appropriate federal court to which the State Action should be removed.

13. This removal is timely under 28 U.S.C. § 1446(b)(1), because fewer than 30 days have elapsed since "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The Esparzas' counsel received the Petition/complaint no earlier than September 3, 2021, which is less than 30 days from the filing of this Notice.

14. Pursuant to 28 U.S.C. § 1446(a), the Esparzas submit as exhibits the Petition/Complaint (Exhibit B) and a translation of the Petition/Complaint (Exhibit C).

WHEREFORE, notice is hereby given that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, the State Action was removed on September 28, 2021 from the Puerto Rico Court of First Instance

for the Commonwealth of Puerto Rico, San Juan Superior Part, to the U.S. District Court for the District of Puerto Rico.

RESPECTFULLY SUBMITTED.

WE HEREBY CERTIFY that, on this date, copies of this Notice of Removal have been filed with the Clerk of Court using the CM/ECF system, and served by e-mail on Alfredo Fernandez Martinez, counsel of record for Plaintiff in the Puerto Rico Court of First Instance, San Juan Superior Part at afernandez@delgadofernandez.com. Finally, pursuant to 28 U.S.C. § 1446(d), a copy will be filed with the Clerk of the Court of First Instance for the Commonwealth of Puerto Rico, San Juan Superior Part.


/s/ Luis E. Miñana
Luis E. Miñana, Esq.
Counsel for Jose Luis Esparza, et al.
PR RUA No. 16297
USDC-PR No. 225608
**ESPADA, MIÑANA, & PEDROSA**
**LAW OFFICES, PSC.**
122 Calle Manuel Dómenech Altos
Urb. Baldrich
San Juan, PR  00918
minanalaw@yahoo.com
www.securitiesatty.com
Tel.: (787) 758-1999 (787)402-2226 cel.
Fax: (787) 773-0500